NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2022*
Decided November 2, 2022

*Before*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1354

| | |
|---|---|
| HECTOR PALOS-PONCE, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-557-916 |
| MERRICK B. GARLAND, Attorney General of the United States, *Respondent*. | |

## O R D E R

Hector Palos-Ponce, a Mexican citizen, received a Notice to Appear in removal proceedings for being present in the United States without authorization. More than seven years later—and after Palos-Ponce had appeared at several hearings before an Immigration Judge and conceded his removability—he moved to terminate proceedings

---

* We previously granted petitioner's motion to waive oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for lack of jurisdiction because his Notice to Appear failed to specify the time and date of his initial hearing. The Immigration Judge denied the motion and the Board of Immigration Appeals affirmed. We now deny Palos-Ponce's petition for review.

Palos-Ponce entered the United States without authorization in 2005. In January 2011, the Department of Homeland Security issued Palos-Ponce a Notice to Appear charging him with removability for being present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). The Notice to Appear provided the location of Palos-Ponce's initial hearing but failed to specify the time or date as required under 8 U.S.C. § 1229(a)(1)(G)(i). Instead, it ordered Palos-Ponce to appear before an Immigration Judge "on a date to be set" and "at a time to be set." In an August 2011 letter, the Immigration Court notified Palos-Ponce that his hearing had been scheduled for 9 am on October 30, 2012. Palos-Ponce, proceeding pro se, appeared for that hearing and subsequent hearings in 2013 and 2017. At the 2013 hearing, Palos-Ponce admitted the allegations against him and conceded the charge of removability. He did not object to the lack of time and date in the Notice to Appear at any of the three hearings. Palos-Ponce retained counsel in early 2018 and appeared before the Immigration Court again in March 2018; he did not object to the Notice to Appear at that hearing either. The Immigration Judge set Palos-Ponce's next hearing for August 28, 2018. The day of that hearing—and over seven years after receiving his initial Notice to Appear—Palos-Ponce filed a motion to terminate his removal proceedings for lack of jurisdiction. The Immigration Judge denied the motion but granted Palos-Ponce a 60-day voluntary departure period, conditioned upon the posting of a bond. The Board affirmed the Immigration Judge's ruling regarding termination and refused to reinstate Palos-Ponce's voluntary departure period because he failed to submit timely proof that he had paid the required bond.

Palos-Ponce contends that because his Notice to Appear did not comply with the requirements of § 1229(a)(1)(G)(i), the Immigration Court lacked jurisdiction over his removal proceedings. He relies on *Pereira v. Sessions*, which held that a Notice to Appear that lacks specific time and place information does not trigger the statutory stop-time rule used to track a noncitizen's continuous presence in the United States. 138 S. Ct. 2105, 2110 (2018). In *Ortiz-Santiago v. Barr*, however, we held that "an Immigration Court's jurisdiction is secure despite the omission in a Notice of time-and-place information[,]" and "nothing in *Pereira* requires a different result." 924 F.3d 956, 958 (7th Cir. 2019) (cleaned up). Instead, the statutory notice requirements are "the agency's version of a claim-processing rule, violations of which can be forfeited if an objection is not raised in a timely manner." *Id.* "Relief will be available," we held, "for those who make timely objections, as well as those whose timing is excusable and who can show

prejudice." *Id.* at 965. Palos-Ponce also argues that *Niz-Chavez v. Garland*—which held that to trigger the stop-time rule, the government must provide a noncitizen "with a single compliant document explaining what it intends to do and when"—supports his jurisdictional argument. 141 S. Ct. 1474, 1485 (2021). But "[n]othing the Supreme Court said in *Niz-Chavez* … undermines" our holding in *Ortiz-Santiago*. *Arreola-Ochoa v. Garland*, 34 F.4th 603, 607 (7th Cir. 2022). Accordingly, the Immigration Court had jurisdiction despite the omission of a time and date in Palos-Ponce's Notice to Appear.

Palos-Ponce is entitled to relief only if: (1) he can show that he objected to the Notice to Appear within a reasonable time, or (2) if not timely, he provides an excuse for the delay and shows prejudice from the lack of specific information about the time of his initial hearing. See *id.* at 607–08. Palos-Ponce has failed to make either showing. First, he did not timely object to his Notice to Appear. Palos-Ponce failed to object for over seven years despite repeatedly appearing before the Immigration Court and conceding his removability. Under any measure, his objection on the day of his August 2018 hearing was untimely. See *id.* at 609 (objection to Notice untimely when first raised three years after petitioner received it, and three days before the merits hearing on removal). Palos-Ponce does not attempt to satisfy the second path to relief—he provides no excuse for his delay and does not contend that he suffered any prejudice from the deficient Notice. As such, the error in the Notice to Appear does not justify setting aside Palos-Ponce's removal proceedings.

Finally, Palos-Ponce contends that he did not forfeit his grant of voluntary departure because "he can show proof of bond payment." But he has provided no proof of payment, and in any event, his ability to show such proof now is irrelevant. Under the applicable regulation, Palos-Ponce was required to submit proof of bond payment to the Board within 30 days of filing his appeal. See 8 C.F.R. § 1240.26(c)(3)(ii). Because nothing in the record indicates that Palos-Ponce submitted timely proof of payment, we have no basis to disturb the Board's decision with respect to voluntary departure.

For these reasons, we DENY Palos-Ponce's petition for review.